**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 15 2017



MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30022 |
| Plaintiff-Appellee, | D.C. No. 3:13-cr-00093-TMB-1 |
| v. | |
| KAREN B. OLSON, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief Judge, Presiding

Argued and Submitted August 4, 2016
Anchorage, Alaska

Before: FISHER, PAEZ and HURWITZ, Circuit Judges.

Karen Olson appeals her convictions for making false statements to the

United States Department of Agriculture Rural Development Program (USDA)

under 18 U.S.C. § 1014 and misprision of felony under 18 U.S.C. § 4. She argues

the evidence is insufficient to support her convictions and that the district court

---

*This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

erred in failing to provide her requested jury instructions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Substantial evidence supports the jury's finding that Olson knowingly submitted inflated equipment valuations to the USDA in November 2008 to influence the USDA to subordinate its lien interest in those assets. *See United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc) (standard of review). The government offered evidence that the equipment was overvalued, and that Olson knew in November 2008 the earlier values submitted to the USDA were inaccurate in light of Beus' decision to lease old equipment rather than buy new equipment.

2. Substantial evidence also supports Olson's conviction for misprision of felony. *See id*. A rational trier of fact could have found beyond a reasonable doubt that Olson knew Beus submitted false statements to the USDA in his scheme to misappropriate grant funds, but nonetheless Olson hid Beus' wrongdoing in November 2008 by adopting his overvaluation of equipment.[1]

3. The district court did not abuse its discretion in rejecting Olson's false statement instruction. *See United States v. Lloyd*, 807 F.3d 1128, 1164-65 (9th Cir.

---

[1] In a concurrently filed opinion, we conclude sufficient evidence also supports a finding that Olson knew Beus' conduct constituted a felony.

2

2015) (standard of review). Olson's proposed instruction on the false statement count could have misled the jury. *See United States v. Keyser*, 704 F.3d 631, 641-42 (9th Cir. 2012) ("[A] defendant . . . is not entitled to an instruction in a particular form."). In light of the district court's general instruction that the jury's verdict must be unanimous, the court also permissibly rejected Olson's specific unanimity instruction. *See Jeffries v. Blodgett*, 5 F.3d 1180, 1195 (9th Cir. 1993) ("With regard to juror unanimity, a general unanimity instruction will normally suffice . . . .").

4. Likewise, the district court did not abuse its discretion in rejecting Olson's misprision of felony instruction, which also contained a specific unanimity instruction. The court's general instruction that the jury's verdict be unanimous sufficed. *See id.*

**AFFIRMED.**

3